# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 28, 2022

**BY ECF**

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re:     *United States v. Hugo Armando Carvajal Barrios*, S2 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

The Government writes in opposition to the defendant's motion to depose Fernando Blengio, a/k/a "Luis Fernando Bertulucci Castillo," pursuant to Federal Rule of Criminal Procedure 15. The defendant is currently pending extradition in Spain; he has not yet appeared in this Court, much less has any schedule or trial date been set in this matter. In particular, the defendant seeks to depose Blengio about his participation in a 2006 drug shipment from Caracas to Mexico. According to a declaration accompanying the motion, Blengio participated in a particular drug transaction, attempted to bribe the defendant, but bribed someone claiming to be the defendant instead. The Court should deny the motion, as the defendant has not met his burden of establishing that the proffered testimony is material, particularly given his potential credibility issues, and that Blengio is unavailable. In the alternative, the Court should deny the defendant's motion without prejudice to renew closer to trial because the defendant has not carried his burden of demonstrating that granting the motion and conducting the deposition at this juncture is necessary to prevent a failure of justice.

## I.   Relevant Law

Federal Rule of Criminal Procedure 15 allows for pretrial depositions in criminal cases only in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1); *see United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) ("Depositions generally are disfavored in criminal cases"). The burden is on the party seeking a Rule 15 deposition to establish that such exceptional circumstances exist and that injustice will result if the motion is denied. *See United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962); *see also United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994). Specifically, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001); *see also United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *United States v. Rosenstein*, 474 F.2d 705, 715 (2d Cir. 1973).

It is well-settled that, notwithstanding a court's ability to grant a motion under Rule 15 under "exceptional circumstances and in the interest of justice," Fed. R. Crim. P. 15(a), "use of depositions in criminal cases is not favored because the factfinder does not have an opportunity to

Hon. Alvin K. Hellerstein                                                                            Page 2
November 28, 2022

observe the witness' demeanor." *United States v. Milian-Rodriguez*, 828 F.2d 679, 686 (11th Cir. 1987); *see also Drogoul*, 1 F.3d at 1551 ("In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored."). "Presumably, 'exceptional' circumstances occur very, very rarely and would strike someone as remarkable or astounding." *Matter of Grand Jury Proceedings [Redacted]*, 377 F. Supp. 3d 439, 444 n.5 (D. Del. 2018); *see also United States v. Rosen,* No. 05 Cr. 225, 2006 WL 5029996, at *1 (E.D. Va. Apr. 21, 2006) ("Rule 15(a) depositions are appropriately granted only in rare circumstances."). Thus, the burden is on the movant to show that a Rule 15 deposition is truly warranted. *See Whiting*, 308 F.2d at 541.

The mere fact that a purported witness resides in a foreign country does not demonstrate his or her "unavailability" for Rule 15 purposes. *See United States v. Ismaili*, 828 F.2d 153, 160 (3d Cir. 1987) (holding that unavailability requirement not satisfied for witnesses residing in Morocco). The moving party rather must make some showing that the foreign-based witness is truly unable or unwilling to come to the United States to testify and that the moving party has made a "good faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709; *United States v. Stein*, 482 F. Supp. 2d 360, 365 (S.D.N.Y. 2007) (denying a Rule 15 motion because, *inter alia*, "[t]he Court thus is unable to determine whether [the movant] has made the requisite 'good-faith effort to produce the person to testify at trial'" (quoting *Johnpoll*, 739 F.2d at 709)); *see also United States v. Oudovenko*, No. 00 Cr. 1014 (JG), 2001 WL 253027, at *2 (E.D.N.Y. Mar. 7, 2001) ("[Defense] counsel's affirmation [that the witnesses would not voluntarily travel to the United States to testify at the trial] fails to establish that he or [the defendant] made a good faith effort to secure the presence of these witnesses at trial, such as by offering to pay their travel expenses.").

When a defendant makes a motion for a Rule 15 deposition, in order to satisfy the materiality burden, he or she must generally show, beyond "unsubstantiated speculation," that the testimony sought "exculpates the defendant." *Kelley*, 36 F.3d at 1125 (internal quotation marks and citation omitted) (affirming denial of depositions where anticipated testimony, although relevant, was not exculpatory); *see also United States v. Merritt*, No. 90 Cr. 767 (JSM), 1991 WL 79235, at *4 (S.D.N.Y. May 7, 1991) (denying Rule 15 deposition request where "the defendants have made no showing that the deponents' testimony would be exculpatory"); *United States v. Esquivel*, 755 F. Supp. 434, 439 (D.D.C. 1990) ("[A] defendant typically demonstrates the 'exceptional circumstances' necessary for success on a Rule 15(a) motion by some preliminary showing that the testimony will exculpate him." (citations omitted)). The moving party must do more than show that the testimony sought merely has some relevance to the case. *Ismaili*, 828 F.2d at 161 & n.6 (3d Cir. 1987) (holding that a district court cannot abuse its discretion in denying a Rule 15 deposition where the testimony "could not negate the crux of the government's indictment").

A Rule 15 motion should also be denied if it seeks to take testimony that is cumulative, *Stein*, 482 F. Supp. 2d at 365 (citing *United States v. Grossman*, No. S2 03 Cr. 1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005)), or that is "clearly" inadmissible, s*ee Drogoul*, 1 F.3d at 1555 ("[T]he court need not, at the cost of time and money, engage in an act of futility by authorizing depositions that clearly will be inadmissible at trial."); *see also United States v. Warren*, 713 F. Supp. 2d 1, 4 (D.D.C. 2010); *Grossman*, 2005 WL 486735, at *3. Indeed, "[a] court does not abuse [its] discretion where it denies a Rule 15 motion because 'the evidence [is] in some respects irrelevant and in others cumulative and possibly inadmissible as hearsay.'" *United*

Hon. Alvin K. Hellerstein                                                                    Page 3
November 28, 2022

*States v. Campbell*, No. 91 Cr. 1219 (RJD), 1998 WL 564376, at *1 (E.D.N.Y. June 30, 1998) (quoting *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1569-70 (9th Cir. 1989)).

In addition to requiring a showing of unavailability and materiality, a district court must also consider whether significant "countervailing factors" exist which would render the taking of the requested deposition unjust. *Drogoul*, 1 F.3d at 1552.

## II.  Discussion

The defendant's application for a Rule 15 deposition should be rejected (i) because the proposed deposition testimony is not sufficiently material, as it does not exculpate the defendant, (ii) because the defendant has not established unavailability, and (iii) because granting the motion at this time is not necessary to prevent any failure of justice, and to the contrary would unfairly advantage the defendant. The failure to carry his burden requires rejection of the motion for deposition or, at the very least denial without prejudice to renewal a reasonable time before trial.

### A.  Materiality

Blengio's proposed deposition testimony is not material. The proposed testimony principally constitutes either inadmissible speculation or irrelevant non-exculpatory facts.

As an initial matter, certain of the proposed testimony is mere speculation, and therefore not admissible and not material. *See Drogoul*, 1 F.3d at 1555 (authorizing deposition not appropriate where testimony "clearly will be inadmissible at trial"). For example, the defendant asserts that Blengio would testify that he "believes that his Venezuelan associates tricked him and kept the money that was given to Male-1 [posing as the defendant]." ECF No. 108-1 ("Declaration") ¶ 5(j). As the word "believes" indicates, there is no showing that Blengio has personal knowledge of what happened to the money and he would not be permitted to speculate as to his beliefs if called as a witness, no more than the Government could call a witness to speculate, without personal knowledge, that the bribe did in fact reach the defendant. Similarly, Blengio apparently would seek to opine that "Gen. Carvajal was not involved in the 2006 Transition." Decl. ¶ 5(k). Again, however, there does not appear to be any foundation that would allow Blengio to testify so conclusively at trial.

The remaining testimony is also not material. In sum, the defendant proposes to call Blengio to testify that individuals in the Venezuelan National Guard told Blengio that a bribe was required to send drugs on a particular flight from a Caracas commercial airport, but that after Blengio bribed an individual that Blengio believed to be the defendant, Blengio learned that the person he paid was not actually the defendant. Decl. ¶ 5. Blengio claims to be the owner of the drugs and plane described in the Indictment. Decl. ¶ 4; Indictment ¶ 12.

The defendant has not shown, beyond "unsubstantiated speculation," that the testimony sought "exculpates the defendant." *Kelley*, 36 F.3d at 1125; *Merritt*, 1991 WL 79235, at *4; *Esquivel*, 755 F. Supp. at 439. Among other things, Blengio never interacted with the defendant, and thus his testimony about what he did with others who are not the defendant is of questionable if any relevance. Even assuming Blengio's proffered testimony is truthful, it would not exculpate the defendant. First, there is no requirement that each member of a conspiracy meet in person. High-level drug traffickers, like other criminals, often attempt to insulate themselves from criminal

Hon. Alvin K. Hellerstein                                                                                    Page 4
November 28, 2022

exposure by meeting only trusted lower-level confederates who, in turn, meet with others. Testimony that Blengio understood the defendant to be a participant in the scheme, but never met him, is hardly exculpatory.

Second, the payment of a bribe for the defendant to someone who pretended to be the defendant is also not exculpatory. Whether the jury will find that the defendant participated in this particular narcotics transaction will include consideration of anticipated testimony and evidence that the defendant himself was in fact involved. For example, the Government anticipates that a witness will testify that the defendant personally instructed another Venezuelan official and member of the Cartel de Los Soles, in sum and substance, that the other official needed to be prepared to intervene should law enforcement attempt to stop the 2006 cocaine shipment aboard the aircraft that Blengio claimed to own. Such testimony is in no way undermined by the payment of a bribe to someone pretending to the Carvajal, especially where the witness cannot say whether that money ultimately reached the defendant. In fact, Blengio's acceptance and understanding that the defendant would be receiving the bribe is, if anything, inculpatory, as it suggests that it was common knowledge that the defendant was involved in narcotics importation.

Moreover, Blengio's potential testimony should be treated with serious skepticism. Although Blengio was a signed-up cooperator, the U.S. Attorney's Office for the Southern District of Florida ultimately did not offer him a § 5K1.1 letter because, *inter alia*, it determined, based on jail calls and debriefings of witnesses, that Blengio had offered to manufacture his testimony regarding a Mexican drug trafficker against whom he was a Government witness, in exchange for money. *See* Brief for United States, Appellee, 12-16520 (11th Cir. Sept. 6, 2013). Blengio's prior conduct bears directly on the materiality of his proposed testimony in this case.

### B.  Unavailability

The defendant also has not shown that Blengio is unavailable. At present, Blengio remains in the United States and in custody. According to attorneys for U.S. Immigration and Customs Enforcement, a detainer has been lodged for Blengio and he is expected to be removed from the United States. The Government notes that Blengio has asserted that "he believes his life will be in danger if he is removed to the country of his birth," Decl. ¶ 6, which could result in further proceedings to determine his status, during which proceedings he would remain in the United States. *See* 8 U.S.C. § 1225(b)(1). In any event, as discussed further below, even if Blengio is deported to Mexico, residence in a foreign country standing alone does not satisfy unavailability.

### C.  Interests of Justice

Finally, the defendant has not shown that taking the deposition at this exceedingly early stage is necessary to prevent a failure of justice.

Even if the Court finds that Blengio is presently unavailable (which he is a not), and that the defendant has shown materiality (which he has not), it would be appropriate for the Court to deny the defendant's motion without prejudice. Blengio is a citizen of Mexico and would be removed there upon his release. The Government understands, after speaking with the Department of Justice's Office of International Affairs, that Rule 15 depositions have previously been taken in Mexico, and a Rule 15 deposition could be arranged in Mexico.

Hon. Alvin K. Hellerstein                                                                 Page 5
November 28, 2022

        The current procedural posture of this case further militates against granting the motion at this juncture. The defendant is presently in Spain where he continues to appeal his final order of extradition, most recently to the European Court of Human Rights, and continued delay in the extradition is expected. *See generally Smith v. La Clair*, 353 F. App'x 486, 489 n.3 (2d Cir. 2009) ("[P]retrial delays 'may work to the accused's advantage' because prosecution "witnesses may become unavailable or their memories may fade[.]'" (quoting *Barker v. Wingo*, 407 U.S. 514, 521 (1972))). The Government also has witnesses in this case that it would present at trial who live abroad, but whose in-court testimony will not be presented until the defendant is extradited to the United States. These circumstances further counsel against granting the defendant's motion. To hold otherwise would improperly incentivize defendants to delay criminal proceedings and seek to take early Rule 15 depositions.

        For the foregoing reasons, the Court should deny the defendant's motion or, in the alternative, deny the motion without prejudice.

                               Respectfully submitted,

                               DAMIAN WILLIAMS
                               United States Attorney

By:                    /s/
                      Kaylan E. Lasky
                      Kyle A. Wirshba
                      Assistant United States Attorneys
                      (212) 637-2315/2493

Cc: Zachary Margulis-Ohnuma, Esq. (counsel to defendant Carvajal)