# ZMO Law PLLC

May 13, 2024

*Via ECF*

Hon. Alvin K. Hellerstein
Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007

     RE: *U.S. v. Hugo Armando Carvajal Barrios*, 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

    This office represents Hugo Carvajal in the above-captioned matter. I write to oppose the government's letter-motion filed this evening seeking to adjourn the May 17, 2024 deadline to submit an application for a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"). *See* ECF No. 180. We further object to the submission or consideration of *ex parte* materials in support of the government's request and any exclusion of speedy trial time during this interval.

    As an initial matter, the government's application should be rejected because the government waited until four days before the materials were due to ask for the extension, rather than timely revealing it needed more time when the need arose. More importantly, the government has had at least since Gen. Carvajal was arraigned on July 20, 2023 to consider its CIPA obligations and obtain the necessary authorizations and in fact has had well over a decade to investigate the case and mull its implications on national security. The relevant government agencies have known about the deadline since it was announced at the conference on February 29, 2024, some two-and-a-half months ago. More time is simply not needed.

    To make this point, when the government last Tuesday asked the defense to consent to the 30-day delay, we asked the government in an email "to submit affidavits from the relevant agency officials to explain the reason for these delays."[1] We did not contemplate that such procedural affidavits would be submitted not only under seal but also *ex parte*

---

[1] A copy of this May 7, 2024 email is on file and available upon request.

353 Lexington Avenue, Suite 900 • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

and thus avoid adversarial scrutiny. Unlike with the substantive CIPA material and motion papers discussing CIPA material, there is no authority for such affidavits to be submitted *ex parte* and under seal, and the government cites none. Accordingly, we respectfully request that, at a minimum, the Court order any affidavits regarding these delays be made available to defense counsel, who have top secret security clearance, and handled as classified discovery so that the instant dispute can be subjected to meaningful adversarial testing.

Finally, based on this unwarranted delay, Gen. Carvajal respectfully renews his objection to the exclusion of Speedy Trial Act time between May 7 and May 29, 2024. The Court excluded speedy trial time at the last conference, on February 29, 2024, until May 29, over the defense's objection. But this new delay, which the government was aware of since at least May 7, would not, as the government argued in February, "serve the ends of justice so that the parties can continue their review of discovery with an eye toward potential motion practice." Feb. 29, Tr. at 28. Rather, it serves only to delay the trial because the government is unwilling or unable to comply with the perfectly reasonable deadline set by the Court for its CIPA submission. The government is wrong when it claims that because no trial date has been set, this additional delay "will not interfere with the scheduling for this case." ECF No.180 at 1. Waiting until June 17 to begin judicial decision-making on the CIPA discovery will clearly delay the trial for a month. Every day that goes by with Gen. Carvajal in jail, alone, thousands of miles from his family, causes additional prejudice and should be avoided even if that means pressing government officials to prepare their proposed protective order on the reasonable timeline the Court already set.

Thank you for your attention to this case.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC: All Counsel