

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 21, 2024

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Hugo Armando Carvajal Barrios*, S1 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

  On June 18, 2024, the Court granted the Government's motion pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") to withhold certain classified materials from the defense and to produce other classified substitutions (the "Classified Substitutions") to the defense in lieu of other classified materials. (Dkt. 187). The following day, the Government provided to defense counsel a proposed protective order governing the production and handling of the Classified Substitutions, pursuant to CIPA Section 3. *See* 18 U.S.C. App. 3 § 3 ("Upon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case"). Earlier today, defense counsel informed the Government that he consents to the entry of the proposed CIPA Section 3 protective order, which is attached hereto as Exhibit A for the Court's consideration.

  In addition, the parties have continued to confer concerning the CIPA process in this case. In particular, as the Court is aware, during the December 12, 2023 status conference, defense counsel stated that he wanted to be heard *ex parte* both orally and in writing regarding the defendant's anticipated defenses in connection with the Court's consideration of the Government's CIPA Section 4 motion. (Dec. 12, 2023 Hr'g Tr. at 17:8-12 ("My second application would be to be heard *ex parte*, both in briefing and in a conference, which I believe was the procedure that your Honor used with co-defendant Cliver Alcala, so that we can explain, you know, have some input into why certain items are exculpatory and necessary to the defense. Those are my two applications."))[1] Based on discussions with defense counsel, the Government understands that the defendant does not now seek reconsideration of the Court's granting of the Government's Section 4 motion, despite not having had that Section 2 conference and despite not submitting any *ex parte* briefing. (Dkt. 187). Instead, the defendant has informed the Government that he wishes to reserve his right to request an *ex parte* Section 2 conference at a later date, following defense counsel's review of the Classified Substitutions. The Government takes no position at this time on any future

---

[1] Under Section 2 of CIPA, defense counsel may request an *ex parte* hearing to discuss the defense's theory of the case or certain other matters. (*See, e.g.*, Dkt. 85 (co-defendant Alcala Cordones requesting *ex parte* conference "to present information that will assist the Court in evaluating the Government's [CIPA] Section 4 submission")).

Hon. Alvin K. Hellerstein  Page 2
June 21, 2024

request by the defendant to be heard *ex parte* at such a conference, or regarding the proper scope of any defense motion or request at a later date.

Finally, the Government is in the process of producing the Classified Substitutions and defense counsel will be able to review them upon entry of the attached Protective Order after coordinating with the Classified Information Security Officer.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Nicholas S. Bradley
Kaylan E. Lasky
Kevin T. Sullivan
Assistant United States Attorneys
(212) 637-1581 /- 2315 / -1587

Enclosure

Exhibit A (Proposed Protective Order)