UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- AGAINST -<br><br>HUGO ARMANDO CARVAJAL BARRIOS,<br><br>DEFENDANT. | 11 Cr. 205 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO MODIFY THE CLASSIFIED INFORMATION PROCEDURES ACT PROTECTIVE ORDER AFTER AN *IN CAMERA, EX PARTE* HEARING**

ZMO Law PLLC
353 Lexington Avenue, Suite 900
New York, NY 10016
(212) 685-0999
zach@zmolaw.com

*ATTORNEYS FOR DEFENDANT HUGO ARMANDO CARVAJAL BARRIOS*

**TABLE OF CONTENTS**

PROCEDURAL HISTORY ..................................................................................................................1

ARGUMENT .........................................................................................................................................2

CONCLUSION .....................................................................................................................................4

**PROCEDURAL HISTORY**

On June 17, 2024, the government filed an *ex parte, in camera* motion for a protective order, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"). ECF No. 186. On June 18, 2024, the Court signed the requested protective order. ECF No. 187. This protective order allowed the government to withhold from the defense certain classified materials, known as "Deleted Classified Material" in their entirety, finding that "[t]he Deleted Classified Materials" "are not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, or Rule 16" and that they "are not helpful to the defense." *Id.* at 2. In addition, the government was allowed to disclose "Substituted Classified Materials" in place of the original discoverable materials, finding that they "provide the defendant with substantially the same ability to make his defense as would disclosure of the Substituted Classified Materials." *Id.*

After discussions with the government, defense counsel for Gen. Carvajal consented to the filing of the government's proposed CIPA Section 3 protective order, with the explicit understanding that the defense would first review the produced materials, and then seek an *ex parte* conference with the Court to discuss its request for additional disclosures in light of Gen. Carvajal's anticipated defenses. *See* Ex. A: Email to Gov't. The defense had previously indicated to the Court that it intended to request an *ex parte* conference, a procedure followed by the Court with Gen. Carvajal's co-counsel, Cliver Alcala. ECF No. 142 at 17: Transcript of Dec. 12, 2024 Status Conference; *see also* ECF No. 103: Court Order ("Thereafter, Defendant [Cliver Alcala] requested an *ex parte* conference to present its theory of the case and applicable defenses, so that I could better assess whether the Government's proposed deletions and substitutions would impermissibly deny Defendant his right to a fair trial. I granted the request and held the conference.")

1

Having completed an initial review of the classified materials produced by the government, the defense now moves to modify the Protective Order entered on June 18, 2024 pursuant to the Classified Information Procedures Act after an *ex parte* hearing *in camera* regarding the helpfulness of certain materials to the defense of thus far undisclosed classified discovery.. The government has advised that it takes no position on the defense's request for an *ex parte, in camera* conference.

## **ARGUMENT**

When evaluating whether to grant a government application to delete or substitute classified materials pursuant to CIPA Section 4, the court must first determine if it is (1) classified; (2) discoverable; and, (3) if the common law "state-secret privilege applies". *U.S. v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). The state-secrets privilege applies where "(1) there is 'a reasonable danger that compulsion of the evidence will expose…matters which, in the interest of national security should not be divulged,' and (2) the privilege is 'lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'" *Id. quoting U.S. v. Reynolds*, 345 U.S. 1 at 8, 10 (1953).

However, the Second Circuit explained that even if these three criteria are met,

> the court must next decide whether the information is helpful or material to the defense, *i.e.*, useful "to counter the government's case or to bolster a defense." *U.S. v. Stevens,* 985 F.2d 1175, 1180 (2d Cir.1993) (interpreting materiality standard under Federal Rule of Criminal Procedure 16(a)(1)). To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to disclose exculpatory information. *See id.* at 87, 83 S.Ct. 1194. "[I]nformation can be helpful without being 'favorable' in the Brady sense." *U.S. v. Mejia*, 448 F.3d 436, 457 (D.C. Cir. 2006).

*U.S. v. Aref*, 533 F.3d at 80.

2

Courts permit the government to make motions for protective orders pursuant to CIPA Section 4 in *ex parte* and *in camera* proceedings and filings. However, to ensure fairness to the defense and a fulsome understanding of what information is "helpful or material to the defense," courts routinely meet *ex parte* and *in camera* with defense counsel as well, so that defense counsel can explain the defense strategy and relevant materials without revealing their trial strategy to the government. *See* ECF No. 103 (discussing *ex parte* meeting with counsel for Cliver Alcala); *see also, e.g., U.S. v. Al-Farekh*, 956 F.3d 99, 107 (2d Cir. 2020) (noting that during its evaluation of the CIPA filings "the District Court met *ex parte* with defense counsel so that counsel could present [defendant's] theory of the case and his potential defenses"); *U.S. v. Zhongsan Liu*, No. 19 Cr. 804 (VEC), 2021 WL 3374535 at *1 (S.D.N.Y. July 8, 2021) (noting the court conducted an *ex parte, in camera* hearing with the defense so that the defense could "explicate his merits defense to better assist the Court in its review of the Government's motion" pursuant to CIPA § 4); *U.S. v. Velentzas,* No. 15 Cr. 213, 2016 WL 4250304, at *2 (E.D.N.Y. Aug. 10, 2016) (granting defendant's request to make an *ex parte* presentation as part of the Court's consideration of the government's motion under CIPA § 4).

In this case, as the Court did with co-defendant Cliver Alcala, we ask that the Court hear counsel for Gen. Carvajal *ex parte* and *in camera* so that we might explain our theory of the case and thereafter move for disclosure of additional classified discovery and modifications to the CIPA protective order previously issued.

**CONCLUSION**

In order to ensure that all discoverable material is disclosed in a usable form, defense counsel should be heard *ex parte* and *in camera* with respect to its defenses and need for additional classified information to support those defenses, after which the protective order should be modified to order the disclosure of such materials in a usable form.[1]

Dated:      July 12, 2024
            New York, New York


Respectfully submitted,
ZMO Law PLLC

By:     /s/
       Zachary Margulis-Ohnuma
       Tess M. Cohen
       353 Lexington Avenue, Suite 900
       New York, NY 10016
       (212) 685-0999

---

[1] We also request permission to bring (or have the Classified Information Security Officer deliver) the classified discovery disclosed to date to chambers for review and discussion at the *in camera* hearing.

4