

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 8, 2024

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Hugo Armando Carvajal Barrios*, S1 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

  The Government respectfully writes in advance of the November 12, 2024 status conference. The Court has scheduled the conference so that defense counsel can inform the Court whether they intend to file any pretrial motions, and the Court can set a briefing schedule. Trial in this case is scheduled to begin on June 23, 2025.

  This letter separately addresses anticipated pretrial litigation under Sections 5 and 6 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, and proposes a schedule for that litigation prior to the June 23, 2025 trial date. Below, the Government provides a brief overview of CIPA practice in this case to date, as well as an outline of the remaining steps under Sections 5 and 6 of CIPA, along with a proposed schedule.

**CIPA Section 4 Proceedings in This Case**

  As the Court is aware, on June 18, 2024, the Court granted the Government's motion pursuant to Section 4 of CIPA to withhold certain classified materials from the defense and to produce other classified substitutions (the "Classified Substitutions") to the defense in lieu of other classified materials. (Dkt. 187). The Government produced the Classified Substitutions to prior cleared defense counsel pursuant to a separate protective order that the Court entered pursuant to Section 3 of CIPA, which governs the handling of the classified information provided in discovery. (Dkt. 190). The Court then held separate classified, *ex parte* hearings with prior cleared defense counsel and with the Government pursuant to Section 2 of CIPA.

  On September 6, 2024, the Government provided to the Court certain revised versions of the Classified Substitutions. The Government will produce the Classified Substitutions to current defense counsel immediately after the Classified Information Security Officer confirms that current defense counsel have received their security clearances.

Hon. Alvin K. Hellerstein  Page 2
November 8, 2024

**CIPA Section 5: Notice from the Defendant**

Pursuant to Section 5 of CIPA, a defendant who reasonably expects to disclose (or cause the disclosure of) classified information at any stage of a prosecution is required to file notice of such intention. *See* 18 U.S.C. app. 3 § 5(a). Such information might include classified information that the defense has learned through the discovery process, or classified information that is known to the defendant himself. The Section 5 notice must "include a brief description of the classified information," *id.*, and "must be *particularized*, setting forth *specifically* the classified information which the defendant reasonably believes to be necessary to his defense." *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added).

If the defendant fails to provide a sufficiently detailed notice sufficiently in advance of trial to permit the implementation of CIPA procedures, Section 5(b) provides for preclusion. *See United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987). Similarly, if the defense attempts to disclose at trial classified information which is not described in their Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b) of the statute. *See United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) ("A defendant is forbidden from disclosing any such information absent the giving of notice.").

Based on discussions with defense counsel, and taking into account the approaching trial date, the Government respectfully proposes, with the defendant's consent, that the defense provide notice of any classified information they intend to use at any stage of the proceedings, under CIPA Section 5, by **February 3, 2025**.

**CIPA Section 6: Hearings and Substitutions**

If and when the defense gives Section 5 notice of intention to disclose (or cause the disclosure of) classified information, the Government may request the Court to conduct a hearing to make determinations as to the use, relevance, or admissibility of the classified information at trial or a pretrial proceeding, pursuant to the Federal Rules of Evidence. 18 U.S.C. app. § 6(a). As with any complex case involving CIPA litigation, the Government response, pursuant to CIPA Section 6(a), could be substantial, *see, e.g.*, *United States v. Schulte*, 17 Cr. 548 (JMF), Dkt. No. 158 Ex. A, and require significant coordination with any relevant department(s) or agenc(ies).

Moreover, only after the Government has had an opportunity to evaluate and respond to any CIPA Section 5 notice will the Court be in a position to hold a hearing, pursuant to CIPA Section 6(a), to "make all determinations concerning the use, relevance or admissibility of classified information that would otherwise be made during the trial or pretrial proceedings" pursuant to the standards of the Federal Rules of Evidence, with the defendant bearing the burden of establishing that the evidence is relevant, material, and otherwise admissible. *See United States v. Miller*, 874 F.2d 1255, 1276-77 (9th Cir. 1989); *see also United States v. Cardoen*, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995). At the hearing, which would be held *in camera*,[1] the defendant must proffer why the classified information that the defendant seeks to disclose is relevant and admissible, while the Government is given an opportunity to challenge the request on standard

---

[1] CIPA Section 6 requires that the Court hold any such hearing *in camera* "if the Attorney General certifies to the Court in such petition that a public proceeding may result in the disclosure of classified information." 18 U.S.C. App. 3 § 6(a).

evidentiary grounds, such as relevance and hearsay. Following any such hearing, "[a]s to each item of classified information, the court shall set forth in writing the basis for its determination." *See* 18 U.S.C. App. 3 § 6(a).

Following the Court's written ruling on a motion by the Government pursuant to CIPA Section 6(a), to the extent the Court authorizes the defense to disclose any classified material at trial, the Government is then entitled pursuant to CIPA Section 6(c) to request that "in lieu of such specific classified information," the Court order substitutions of that classified information. *See* 18 U.S.C. App. 3 § 6(c). "The court shall grant such a motion of the United States if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information," and, as with a Government motion pursuant to CIPA Section 6(a), the Court shall hold an *in camera* hearing on any motion under this section. *Id.* In connection with a motion under CIPA Section 6(c), the Government may submit "an affidavit of the Attorney general certifying that disclosure of classified information would cause identifiable damage to the national security of the United States and explaining the basis for the classification of such information." *Id.*

Accordingly, the Government respectfully proposes to provide a written response, pursuant to CIPA Section 6(a), regarding the use, relevance, and admissibility of the notified classified materials, by **March 5, 2025**. The Government outlines the parties' joint proposal for the remaining steps under CIPA Section 6 below.

**Proposed Schedule**

Against that backdrop, the Government respectfully proposes the following schedule to govern remaining CIPA litigation prior to the June 23, 2025 trial:

- CIPA Section 5 Proceedings: Defense counsel shall file a specific and particularized notice of any classified information they intend to use at any stage of the proceedings, under CIPA Section 5, by **February 3, 2025**.

- CIPA Section 6(a) Proceedings: If defense counsel provides Section 5 notice, the Government shall provide a written response, pursuant to CIPA Section 6(a), regarding the use, relevance, and admissibility of the notified classified materials, by **March 5, 2025**.

- CIPA Section 6(a) Hearing: If necessary, the Government proposes that the Court hold a hearing under CIPA Section 6(a) approximately 30 days after the Government's response to make rulings on the use and admissibility of any noticed classified information and enter written findings. The Government respectfully suggests that the Court schedule that hearing in early **April 2025**.

Hon. Alvin K. Hellerstein                                                                                          Page 4
November 8, 2024

- <u>CIPA Section 6(c) Proceedings</u>: Finally, should the Court authorize the defense to disclose any classified material at trial or in any motions, the Government shall have 30 days after the Court's written findings to propose substitutions under CIPA Section 6(c).

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                By:                    /s/
                                        Nicholas S. Bradley
                                        Kaylan E. Lasky
                                        Kevin T. Sullivan
                                        Assistant United States Attorneys
                                        (212) 637-1581 /- 2315 / -1587

Cc: Counsel of Record (by ECF)