

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

November 4, 2025

**BY ECF & EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten annotation: Sentencing is adjourned to Jan. 12, 2026, 10:30 a.m., and day to day thereafter until concluded. 11-5-25 /s/ AKH]*

Re:   *United States v. Hugo Armando Carvajal Barrios*, S1 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

    The Government respectfully submits this letter motion to request to adjourn sentencing in the above-referenced case, currently scheduled for November 19, 2025 at 10:00 a.m., to late-January 2026 to allow for a multi-day *Fatico* hearing, for the reasons explained below. Defense counsel consents to this request.

    On August 25, 2025, the U.S. Probation Office ("Probation") issued a draft presentence report ("PSR"). (Dkt. 251). The Government did not have any objections to the draft PSR, and the defense did not submit to Probation any objections to the draft PSR. On September 17, 2025, Probation issued the final PSR. (Dkt. 252). On September 22, 2025, the Government spoke with defense counsel to confirm whether the defendant intended to make any objections to, or dispute any facts in, the PSR, and defense counsel advised that he would respond to the Government in writing in approximately three days. The Government followed up by email on September 26, 2025 and then spoke with defense counsel on October 1, 2025, at which time defense counsel advised the Government that the defense was preparing a submission objecting to certain of the factual assertions and sentencing enhancements in the PSR, which the Government could expect to receive in the next few days. Based on that, and what defense counsel conveyed would be the nature of the defendant's planned objections, which would likely require a one or two-day *Fatico* hearing, the parties submitted a joint request on October 2, 2025 to adjourn sentencing, then scheduled for October 29, 2025, to November 18, 19, or 20, 2025. (Dkt. 253). The Court granted the request and adjourned sentencing to November 19, 2025. (Dkt. 254).

    On October 20, 2025, defense counsel sent the Government a letter in which the defendant objected to nearly the entirety of the Guidelines offense level calculation in the final PSR, including: (1) the base offense level of 38, disputing that he is responsible for more than 450 kilograms of cocaine (PSR ¶ 58); (2) the two-level upward adjustment for possession of a firearm (PSR ¶ 59); (3) the two-level upward adjustment for the threat and use of violence (PSR ¶ 60); (4) the two-level upward adjustment for use of an aircraft to import cocaine (PSR ¶ 61); (5) the two-level upward adjustment for maintaining a premise for the purposes of manufacturing or distributing a controlled substance (PSR ¶ 62); (6) the two-level upward adjustment for an aggravated role in the offense, having engaged in witness intimidation and having committed the offense as a pattern of criminal conduct engaged in as a livelihood (PSR ¶ 63); (7) the two-level

*United States v. Carvajal Barrios*, S1 11 Cr. 205　　　　　　　　　　　　　　　　　　　Page 2
Hon. Alvin K. Hellerstein
November 4, 2025

upward adjustment for having abused a position of public or private trust, or having used a special skill as a military leader (PSR ¶ 65); and (8) the two-level upward adjustment having been an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive (PSR ¶ 66). (10/20/25 Def. Ltr. at 1-2 (attached hereto as Ex. A)).[1] The defendant's October 20 letter did not object to any of the specific facts within the offense conduct section of the PSR (*i.e.*, paragraphs 12 – 50) that would put the foregoing offense level calculations in dispute.

Putting aside for now the untimely nature of the defendant's objections, Fed R. Crim. P. 32(f), on October 22, 2025, the Government asked defense counsel to identify the specific facts in the PSR that are in dispute so that it can adequately prepare for a *Fatico* hearing to address any such objections.. On October 29, 2025, defense counsel sent the Government a letter stating that "[i]t was implicit in my client's decision to plead guilty in this manner that he was not admitting to any of the specific factual allegations set forth in the Superseding Indictment" and that the defendant disagreed with most of all of the offense conduct. (10/29/25 Def. Ltr. at 1 (attached hereto as Ex. B)).[2] The defendant's October 29 letter further stated that although the defendant did not believe he was required to object more specifically to the PSR (citing no support for this assertion), to the extent such objections were necessary, the defendant objected to nearly all of the factual paragraphs in the offense conduct section of the PSR, specifically paragraphs 13-47 and 50. (Ex. B at 2). The letter further stated that if the Government needed more than two days to present evidence at a *Fatico* hearing or additional time to prepare, the defendant would not object to either request. (Ex. B. at 2).

In light of the foregoing, and the defendant's objections to nearly the entirety of the offense level calculations and most of the factual assertions in the PSR—and, again, notwithstanding for now the untimely nature of those objections—the Government anticipates that it will require approximately four days to present the evidence and testimony at a *Fatico* hearing necessary to sufficiently establish the facts and corresponding offense level calculations in the PSR by a preponderance of the evidence. *See* Fed. R. Crim. P. 32(i); *United States v. Prescott*, 920 F.2d 139, 144 (2d Cir. 1990). Such approach would be consistent with the detailed testimony over a two-day *Fatico* hearing that was necessary to resolve co-defendant Cliver Alcala's specific, though more limited, objections to his offense conduct. (Dkt. 173) (Order Presenting Post-*Fatico* Factual Findings as to paragraphs 10, and 13-19 of the Alcala PSR). Although the Second Circuit has explained that "trial courts would be greatly disserved" with "time-consuming hearings" at sentencing, *Prescott*, 920 F.2d at 144, the defendant's objections to nearly the entirety of Probation's offense conduct, with no specificity as to the basis of those objections, will require the Government to present a significant portion of the evidence and testimony that it expected to put forth at trial. As a result, and as defense counsel has recognized, more time than originally allotted will also be needed for the parties to adequately prepare for such a hearing.

---

[1] Although dated October 12, 2025, defense counsel emailed the letter to the Government on October 20, 2025.

[2] Although dated October 28, 2025, defense counsel emailed the letter to the Government on October 29, 2025.

*United States v. Carvajal Barrios*, S1 11 Cr. 205                                          Page 3
Hon. Alvin K. Hellerstein
November 4, 2025

Accordingly, the Government respectfully requests, with the consent of the defense, an adjournment of sentencing to a date convenient for the Court in late-January 2026.

                                                               Respectfully submitted,

                                                               JAY CLAYTON
                                                               United States Attorney

                                       By: _____/s/_____
                                               Nicholas S. Bradley
                                               Kaylan E. Lasky
                                               Kevin T. Sullivan
                                               Assistant United States Attorneys
                                               (212) 637-1581 /- 2315 / -1587

Cc: Counsel of Record (by ECF & Email)