

The clerk shall accept this for filing.
/s/ Alvin K. Hellerstein, U.S.D.J.
2/25/2026

February 20, 2026

**By Email**
(HellersteinNYSDChambers@nysd.uscourts.gov)

Hon. Alvin K. Hellerstein
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re:  *United States v. Nicolás Maduro Moros, et al.* 11-CR-205 S4 (AKH)

Dear Judge Hellerstein:

On January 5, 2026, I wrote in advance of Mr. Maduro's initial appearance advising the Court that both President Maduro and the government of Venezuela are subject to sanctions by the Department of Treasury Office of Foreign Assets Control (OFAC) and that counsel would need to obtain a license from OFAC to represent Mr. Maduro and to receive payment for attorneys' fees and costs associated with that representation.  At the initial appearance and arraignment, the Court asked the U.S. Attorney's Office to work with defense counsel with respect to the OFAC licenses to assure that counsel can represent their clients zealously and fully.  Counsel for the government noted that they had discussed the issue with defense counsel and would apprise the Court if there were any issues.  The purpose of this letter is to provide a status update to the Court.

On January 7, 2026, counsel for Mr. Maduro and counsel for Cilia Adela Flores de Maduro, Mr. Maduro's wife, the First Lady of Venezuela and a co-defendant in this case, each applied to OFAC for a license.  Under Venezuelan law and custom, the government of Venezuela pays the expenses of the President and First Lady.  Accordingly, the license applications specifically sought authorization to represent the respective clients and to accept funds from the government of Venezuela for their respective representations.  On January 9, 2026, OFAC granted both licenses.  Less than three hours later, however, OFAC, *sua sponte* and without explanation, amended the license related to the representation of Mr. Maduro (but not the license related to the representation of Ms. Flores).  The amended license related to Mr. Maduro does not authorize the receipt of defense costs from the government of Venezuela.

Subsequently, OFAC has granted several licenses allowing U.S. persons to engage in commercial transactions with the government of Venezuela or Venezuelan state entities, where denial of the license would have no constitutional import.  Accordingly, on February 11, 2026, counsel asked

BARRY J. POLLACK | HS-LAW.COM | BPOLLACK@HS-LAW.COM | DIRECT (202) 617-5971

MAIN (212) 397-3370 | FAX (212) 202-6206 | 1775 PENNSYLVANIA AVE, NW, SUITE 650, WASHINGTON, D.C. 20006

Page 2 of 2
February 20, 2026

OFAC to reinstate the original license related to the representation of Mr. Maduro. Counsel explained that the government of Venezuela has an obligation to pay Mr. Maduro's fees, Mr. Maduro has a legitimate expectation that the government of Venezuela would do so, and Mr. Maduro cannot otherwise afford counsel. Accordingly, by its failure to allow the government of Venezuela to pay Mr. Maduro's defense costs, OFAC is interfering with Mr. Maduro's ability to retain counsel and, therefore, his right under the Sixth Amendment to counsel of his choice.

Since then, OFAC has granted additional commercial licenses related to transactions with Venezuela, but OFAC has failed to act on counsel's request to reinstate the original license pertaining to Mr. Maduro's defense costs. Undersigned counsel has spoken with the Assistant United States Attorneys assigned to this case to update them on these developments.

Undersigned counsel is not presently seeking any relief from the Court and merely wants to update the Court on the status of this issue. If OFAC fails to act on the request to reinstate the original license, or denies that request, Mr. Maduro will file a formal motion in the coming days seeking relief from the Court. We will confer with government counsel on an agreed-upon briefing schedule to propose to the Court. Of course, if the Court would prefer to discuss this issue with the parties prior to motions practice, please let us know and we will make ourselves available at the Court's convenience.

Please let counsel for the parties know if the Court wishes any additional information. Thank you.

                                              Sincerely,

                                              *Barry J. Pollack*

                                              Barry J. Pollack

cc:    Kyle Wirshba
         Henry Ross
         Kaylan Lasky
         Kevin Sullivan