UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                     :

UNITED STATES OF AMERICA,          :

                                     :

      v.                        :          S4 11-CR-205 (AKH)

                                     :

CILIA ADELA FLORES de MADURO, *et al.*   :

                                     :

                Defendants.     :
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CILIA ADELA FLORES de MADURO TO JOIN CO-DEFENDANT NICOLÁS MADURO MOROS'S MOTION TO DISMISS THE INDICTMENT**

Defendant Cilia Adela Flores de Maduro, by and through her counsel, respectfully moves this Court to allow her to join the Motion to Dismiss the Indictment Due to Interference by the United States Government with His Sixth Amendment and Due Process Rights, or in the Alternative, Leave for Retained Counsel to Withdraw, filed by co-defendant Nicolás Maduro Moros on February 26, 2026 (ECF Nos. 289, 290).

**I.     BACKGROUND**

On January 9, 2026, the United States Treasury Department's Office of Foreign Assets Control (OFAC) issued a specific license authorizing Parker, Sanchez & Donnelly, PLLC to receive payment for legal fees from the government of Venezuela for the representation of Mrs. Flores de Maduro.

On Saturday, February 28, 2026, less than 48 hours after Mr. Maduro filed his above referenced motion to dismiss based on OFAC's interference with his ability to fund his legal defense, OFAC abruptly amended the license for Mrs. Flores de Maduro. OFAC explicitly withdrew the portion that authorized the government of Venezuela to pay her legal fees and stated

that it was doing so "following consultation with the State Department[.]" *See* Feb. 28, 2026, Email from OFAC, attached to the Declaration of Mark Donnelly, Exhibit C ("Donnelly Decl."). Coming immediately on the heels of President Maduro's filing, with no other factual circumstances having changed, it is difficult to conclude that this action was taken for any reason other than in retaliation.[1]

Like Mr. Maduro, Mrs. Flores de Maduro lacks personal financial resources to pay for her legal defense. *See* Declaration of Cilia Adela Flores de Maduro, attached as Exhibit B. The Venezuelan government has been paying Mrs. Flores de Maduro's fees and incurred costs based on the specific license that OFAC issued. *See* Donnelly Decl. ¶ 7.

Furthermore, as a matter of equity, the sudden revocation of this license severely prejudices undersigned counsel and his firm. Based on the explicit authorization granted by OFAC on January 9, 2026, the firm has already expended significant funds and entered into financial commitments and arrangements to mount a vigorous defense for Mrs. Flores de Maduro. Revoking the license after counsel has relied upon it in good faith creates an untenable and inequitable financial burden on the defense. *See* Donnelly Decl. ¶ 8.

## II.     ARGUMENT[2]

---

[1] OFAC's communication stated only that allowing the payment of fees was "inconsistent with current policy." However, the International Emergency Economic Powers Act (IEEPA) authorizes the exercise of sanctions authority "to deal with any unusual and extraordinary threat, which has its source in whole or substantial part outside the United States, to the national security, foreign policy, or economy of the United States." 50 U.S.C. § 1701(a). The government declined to explain why Venezuela paying Ms. Flores de Maduro's legal fees represents an "unusual and extraordinary threat" to national security, foreign policy, or the economy. Instead, OFAC merely asserted it is contrary to some undefined aspect of U.S. policy. It is highly questionable that the government would have a policy that would force American taxpayers to shoulder the substantial cost of her defense instead of allowing Venezuela to fulfill its legal obligation. It is much more likely that OFAC and the State Department amended the license in retaliation for Mrs. Flores de Maduro's husband filing his motion to dismiss.

[2] This motion does not address Ms. Flores de Maduro's other defenses and is not intended to waive

The United States government, through OFAC (and, arguably, the State Department), is now preventing the government of Venezuela from funding Mrs. Flores de Maduro's defense. This action interferes with her Sixth Amendment right to counsel of choice and her Due Process right to present a defense, exactly as it has done to Mr. Maduro.

Because the factual circumstances and legal arguments regarding the government's constitutional interference are identical to those set forth in Mr. Maduro's motion, Mrs. Flores de Maduro respectfully requests to join his motion.

Mrs. Flores de Maduro is not asserting additional legal arguments beyond those already asserted and briefed by Mr. Maduro. Allowing her to join this motion serves judicial economy by allowing these identical issues to be litigated together.

## III. IN THE ALTERNATIVE, IF DISMISSAL IS NOT GRANTED, UNDERSIGNED COUNSEL SEEKS LEAVE TO WITHDRAW

Should the Court, despite the interference of the United States with Mrs. Flores de Maduro's right to counsel of choice and due process rights, deny the motion to dismiss, undersigned counsel respectfully requests leave to withdraw pursuant to Local Rule 1.4.

As is the case for Mr. Pollack and his firm, undersigned counsel cannot reasonably continue the representation now that OFAC has abruptly and inequitably revoked the authorization to receive legal fees from the government of Venezuela. The alternative relief of leave for retained counsel to withdraw (providing Ms. Flores de Maduro the opportunity to seek court-appointed counsel) constitutes a satisfactory reason for withdrawal that neither prejudices the government

---

such defenses. Rather, it addresses only the threshold issue of the interference with her rights to counsel and due process. Counsel for Ms. Flores de Maduro has conferred with counsel for the government. The parties have agreed to the same briefing schedule proposed by Mr. Maduro, absent alteration by the Court, under which the government will file an opposition no later than March 13, 2026, and the defense will file a reply no later than March 20, 2026. Undersigned counsel understands that the government intends to oppose the motion to dismiss.

nor impairs judicial economy, as the posture of the case is in its infancy: no discovery has yet been produced and no deadlines for substantive motions practice have been set.

## CONCLUSION

For the foregoing reasons, Defendant Cilia Adela Flores de Maduro respectfully requests that the Court grant her motion to join co-defendant Nicolás Maduro Moros's Motion to Dismiss the Indictment (ECF Nos. 289, 290), and that any relief granted to Mr. Maduro be equally granted to Mrs. Flores de Maduro. In the alternative, if the Court denies the motion to dismiss, undersigned counsel respectfully requests leave to withdraw from the representation.

Dated: March 3, 2026

Respectfully submitted,

Mark E. Donnelly
Parker Sanchez & Donnelly, PLLC
700 Louisiana, Suite 4520
Houston, Texas 77002
(713) 659-7200
Mark@PSD.law

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 2026, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

*/s/ Mark E. Donnelly*

Mark E. Donnelly