# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

v.                                                                              S4 11-CR-205 (AKH)

CILIA ADELA FLORES de MADURO, *et al.*

                            Defendants.
-------------------------------------------------------------------X

## DECLARATION OF HENRY RODRÍGUEZ FACCHINETTI

I, Henry Rodríguez Facchinetti, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a lawyer admitted to practice law in the Bolivarian Republic of Venezuela.

2. I currently work in the Attorney General's Office of Venezuela, as the Chief of Litigation, overseeing all litigation matters for the office. I have held this position since May 22, 2017.

3. I have reviewed the Fourth Superseding Indictment in the above-captioned matter.

4. Under Venezuelan constitutional and administrative law, the Attorney General's Office is obligated to defend the nation's interests and represent its public servants both domestically and abroad.

5. This responsibility includes operating a state-funded system specifically designed to provide legal assistance and protection to individuals facing foreign sanctions or interventions.

6. Venezuelan jurisprudence dictates that these defensive duties are absolutely mandatory, non-delegable, and cannot be waived under any circumstances.

7. The Venezuelan government thus has a clear, legal obligation to cover all expenses for the First Lady, who was also serving as a deputy in the National Assembly at the time of her abduction. This includes attorney fees and all other costs related to defending against the charges brought against her.

8. Because these legal principles have been routinely applied to defend officials internationally, this state protection is a well-established standard that public servants, including a deputy in the National Assembly and First Lady, are clearly aware of and expect.

9. Based on Venezuelan law and longstanding custom and practice, Ms. Flores de Maduro has a legitimate and reasonable expectation that the government of Venezuela will fund her legal defense.

10. The government of Venezuela has been meeting this obligation and wishes to continue to meet this obligation. The government is prepared to pay the defense costs incurred by Ms. Flores de Maduro in the above-referenced matter throughout its duration.

11. Specifically, the government of Venezuela is prepared to provide funds so that Ms. Flores de Maduro is able to have her counsel of choice, Mark E. Donnelly and the law firm of Parker, Sánchez & Donnelly PLLC.

12. Furthermore, I confirm that the funds it would use in this regard are not related to any activities alleged in the Fourth Superseding Indictment or from any other unlawful activity.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 3, 2026.

_____
Henry Rodríguez Facchinetti