# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **S4 11 Cr. 205 (AKH)** |
| Nicolás Maduro Moros, and Cilia Adela Flores de Maduro, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court

hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of

documents, objects and information, including electronically stored information ("ESI"), pursuant

to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general

obligation to produce exculpatory and impeachment material in criminal cases, all of which will

be referred to herein as "Disclosure Material." The Government's Disclosure Material may include

material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if

prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii)

would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more

limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed

to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein

as "Sealed Material," contains information that identifies, or could lead to the identification of,

witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5.   Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or X, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6.   Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a.   The defendants;

b.   Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c.   Prospective witnesses for purposes of defending this action.

7.   APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8.   AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

**Other Provisions**

9.  This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to all persons, including prospective witnesses and persons retained by counsel, to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 13 months of the expiration of the period for direct appeal from any verdict in the above-captioned case; 13 months of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and 30 days of the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules

4

of Professional Conduct. Should a motion for post-conviction relief be pending as of the date that the defense would otherwise be required to return to the Government or securely destroy or delete all Disclosure Material, the Disclosure Material relevant to the pending motion need not be returned to the government or destroyed or deleted until the resolution of that motion and any appeals therefrom, so long as a list of the Disclosure Material maintained for post-conviction relief is provided to the Government. If Disclosure Material is provided to any person pursuant to this Order, including personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

14. The defense shall not provide any Disclosure Material to any foreign persons or entities, except (i) to such persons or entities for whose conduct defense counsel is responsible; or (ii) on an APO basis, to such persons or entities who defense counsel in good faith believes may be able to provide testimony or information that could lead to the identification of potential witnesses and/or relevant evidence, and only upon application to the Court of such disclosures on a case-by-case basis, which application may be *ex parte*.

## **Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney


by: _____          Date: _____
    Kyle A. Wirshba / Kaylan E. Lasky
    Kevin T. Sullivan / Henry L. Ross
    Assistant United States Attorneys



    NICOLÁS MADURO MOROS


_____          Date: _____
Barry J. Pollack, Esq.
Counsel for Nicolás Maduro Moros



    CILIA ADELA FLORES DE MADURO


_____          Date: _____
Mark Donnelly, Esq.
Counsel for Cilia Adela Flores de Maduro



SO ORDERED:

Dated: New York, New York
    _____


                       _____
                       THE HONORABLE ALVIN K. HELLERSTEIN
                       UNITED STATES DISTRICT JUDGE