

March 30, 2026

**By ECF and EMAIL**
HellersteinNYSDChambers@nysd.uscourts.gov

Hon. Alvin K. Hellerstein
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

      **Re: _United States v. Nicolás Maduro Moros, et al._ 11-CR-205 (AKH)**

Dear Judge Hellerstein:

We write to respond to the government's letter motion dated March 23, 2026 (ECF No. 296), regarding the parties' dispute over paragraph 13 of the government's proposed Protective Order. A copy of the government's proposed Protective Order (ECF 296-1) is attached to this letter for the Court's convenience.

Paragraph 13, as proposed by the government, prohibits the sharing of Disclosure Material "with any named defendant who has not yet been apprehended in this action or any such defendant's counsel." "Disclosure Material" is defined in paragraph 1 as "documents, objects and information, including electronically stored information ("ESI"), [which the government is required to produce] pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases . . . ."

This provision, if included as drafted by the government, would severely limit the ability of Mr. Maduro Moros and Ms. Flores de Maduro to investigate the evidence and fully defend themselves against the charges. It applies to four individuals: Diosdado Cabello Rondón; Ramón Rodríguez Chacín, Nicolás Ernesto Maduro Guerra, and Hector Rusthenford Guerrero Flores. ECF 296 at 2. The Fourth Superseding Indictment alleges that Mr. Maduro and Ms. Flores de Maduro participated in a conspiracy with all four of these individuals from 1999 through 2025. Fourth Superseding Indictment at 19, ¶ 26. The Fourth Superseding Indictment alleges nineteen overt acts in furtherance of the alleged conspiracy. _Id._ at 11-18, ¶ 21a-s. Mr. Cabello Rondón is referenced in seven of these nineteen alleged overt acts, ¶ 21c, e, h, i, n, r, and s; Mr. Rodríguez Chacín is referenced in two of the nineteen, ¶ 21g and m; Mr. Maduro Guerra is referenced in three

*United States v. Maduro Moros*, S4 11-CR-205 (AKH)
Page 2 of 4
March 30, 2026

of the nineteen, ¶ 21j, l, and p; and Guerrero Flores is referenced in one of the nineteen, ¶ 21o. Thus, altogether, thirteen of the nineteen overt acts alleged relate to at least one of these individuals.

The government claims that the proposed Protective Order places no limitations on the defendants' access to Disclosure Material, and expressly permits the defense to, among other things, seek court authorization to provide Disclosure Material—on an attorney possession-only basis—to foreign persons or entities "who defense counsel in good faith believes may be able to provide testimony or information that could lead to the identification of potential witnesses and/or relevant evidence. (Ex. A ¶ 14)." ECF 296 at 2. The government argues that precluding the defense from doing the same with respect to the four defendants not currently before this Court is unlikely to hinder Mr. Maduro and Ms. Flores de Maduro, arguing that "[i]n light of the Co-Defendants' refusal to appear before this Court to face the charges against them, they are not potential defense witnesses in this case." *Id.* at 4. Assuming the government is correct that each of the four individuals will not voluntarily appear before this Court (and assuming the government does not engage in the extreme measures against these individuals it employed to bring Mr. Maduro and Ms. Flores de Maduro before this Court), the government is nonetheless incorrect in claiming that these four individuals are not potential witnesses.

Under *Pinkerton v. United States*, 328 U.S. 640 (1946), the government will seek to hold Mr. Maduro and Ms. Flores de Maduro criminally responsible for the actions of these four individuals, including the actions referenced in thirteen of the nineteen alleged overt acts. These individuals plainly have knowledge material to the defense. They could easily meet the standard to be deposed under Rule 15 (permitting the Court to order depositions to preserve testimony at trial "because of exceptional circumstances and in the interest of justice"). *See*, *e.g.*, *United States v. Drogoul*, 1 F.3d 1546, 1557 (11th Cir. 1993); *United States v. Johnpoll*, 739 F.2d 702, 708-09 (2d Cir. 1984) ("It is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial."); *United States v. Al Fawwaz*, No. 98-CR-1023, 2014WL627083, at *1 (S.D.N.Y. Feb. 18, 2014) ("exceptional circumstances" exist where a witness is material and unavailable for trial, such as where he is outside the subpoena power of the court and will not appear voluntarily).

Further, even if the government were correct that these individuals will not themselves be trial witnesses, either through live testimony or via Rule 15 depositions, paragraph 13 of the government's proposed Protective Order would handcuff Mr. Maduro and Ms. Flores de Maduro in their investigation of the very allegations on which the government seeks to convict them. It would preclude their counsel from sharing with these individuals discovery related to the allegations in the majority of the overt acts charged against Mr. Maduro and Ms. Flores de Maduro, getting the reactions of these individuals to these allegations and the government's evidence, and learning from them about the existence of exculpatory evidence or other witnesses who may be able to rebut the government's allegations and evidence, including evidence or testimony that could be presented by the defense at trial.

*United States v. Maduro Moros*, S4 11-CR-205 (AKH)
Page 3 of 4
March 30, 2026

The government notes that protective orders that include a provision such as that in paragraph 13 of its proposed Protective Order are "routinely entered" in this District and cites nine examples of such cases. ECF 296 at 2-3. Yet in the vast majority of these cases, a protective order was entered by agreement. Further, in *none* of these cases was the provision comparable to the one in the government's proposed paragraph 13 subject to litigation. Thus, none of the nine cases on which the government relies have *any* precedential value.

Further, as this Court has already observed, the investigation of this case is *not* similar to that in a typical case. The offense conduct occurred abroad, there are four potential witnesses with whom the government seeks to prevent the defense from meaningfully discussing the government's evidence, and those four individuals are at the heart of the majority of the allegations against Mr. Maduro and Ms. Flores de Maduro.

Under these circumstances, the broad restriction the government seeks to impose on the defense's investigation would violate the 5th and 6th Amendment rights of Mr. Maduro and Ms. Flores de Maduro to a full and fair defense, including a robust investigation of the factual allegations in the indictment against them. *See Pavel v. Hollins,* 261 F.3d 210, 217-22 (2d Cir. 2001) (defense counsel was ineffective in failing to interview a witness with knowledge of the facts surrounding the government's allegations); *Maddox v. Lord,* 818 F.2d 1058, 1061-62 (2d Cir. 1987) (same); *United States v. Hyatt*, 565 F.2d 229, 232 (2d Cir. 1977) ("[W]e shall not tolerate the view that the government has some special right or privilege to control access to trial witnesses."); *Int'l Bus. Mach. Corp. v. Edelstein,* 526 F.2d 37, 44 (2d Cir.1975) ("[C]onstitutional notions of fair play and due process dictate that defense counsel be free from obstruction, whether it come from the prosecutor in the case or from a state official or another state acting under color of law") (quoting *Coppolino v. Helpern,* 266 F. Supp. 930, 935 (S.D.N.Y. 1967)).

Accordingly, Mr. Maduro and Ms. Flores de Maduro propose the following alternative paragraph 13:

> Defense counsel shall not share Disclosure Material or the content of Disclosure Material with any named defendant who has not yet been apprehended in this action or any such defendant's counsel, other than for purposes of defending this action and where such individual has a common interest with the defendant represented by defense counsel. Any Disclosure Material shared under this Paragraph will be done so on an APO basis, consistent with the restrictions set forth above in Paragraph 3.

This proposal, unlike the government's proposed paragraph 13, strikes the appropriate balance. On the one hand, it does not provide defendants who have not been apprehended any right to have discovery provided to them. On the other hand, it recognizes and does not impede the rights of Mr. Maduro and Ms. Flores de Maduro to defend this action, including through a thorough investigation of the charges against them.

*United States v. Maduro Moros*, S4 11-CR-205 (AKH)
Page 4 of 4
March 30, 2026

Sincerely,

*/s/ Barry J. Pollack*
Barry J. Pollack
HARRIS ST. LAURENT & WECHSLER, LLP
1775 Pennsylvania Avenue, N.W., Suite 650
Washington, D.C. 20005
(202) 617-5971
bpollack@hs-law.com

*Attorneys for Nicolás Maduro Moros*

*/s/ Mark E. Donnelly*
Mark E. Donnelly
PARKER SANCHEZ & DONNELLY, PLLC
700 Louisiana, Suite 4520
Houston, Texas 77002
(713) 659-7200
Mark@PSD.law

*Attorneys for Cilia Adela Flores de Maduro*

Enc:    Government's Proposed Protective Order

cc:    Kaylan Lasky (by ECF and email)
       Kyle Wirshba (by ECF and email)
       Kevin Sullivan (by ECF and email)
       Henry Ross (by ECF and email)