

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 1, 2026

**BY ECF & EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>    Re:    ***United States v. Maduro Moros and Flores de Maduro***, S4 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

The Government respectfully writes in further support of its motion for a protective order dated March 23, 2026 (Dkt. 296) and in opposition to the defendant's response and proposed protective order dated March 30, 2026 (Dkt. 299). For the reasons set forth in the Government's March 23 motion and at the March 26, 2026 conference, the Court should enter the Government's proposed protective order. (Dkt. 296-1). In the alternative, the Government consents to the entry of the revised proposed protective order attached as Exhibit A, which permits the defense to share materials that are identified as "Disclosure Material" with any unapprehended named co-defendant who has become a potential witness because the Court has granted a motion allowing for the deposition of that co-defendant pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

The defendants argue that the four unapprehended defendants in this case—Diosdado Cabello Rondón, Ramón Rodríguez Chacín, Nicolás Ernesto Maduro Guerra, and Hector Rusthenford Guerrero Flores (the "Co-Defendants")—are potential witnesses even if they never appear before this Court because "[t]hey could easily meet the standard to be deposed under Rule 15." (Dkt. 299 at 2). Without expressing a view on the merits of that claim, the Government has revised the disputed paragraph 13 of the proposed Protective Order to ensure that the defense may share Disclosure Material with any Co-Defendant to the extent necessary to prepare for a Rule 15 deposition of any Co-Defendant that has been granted by the Court. With that modification, in boldface and underlined below, the revised paragraph 13 would read as follows:

> Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel, **unless the Court has granted a motion to depose such named defendant pursuant to Rule 15 of the Federal Rules of Criminal Procedure, and only to the extent that the defense in good faith has a need to share Disclosure Material with the named defendant in preparation for, and/or in connection with, the deposition**.

The Government's proposed revised Protective Order strikes the proper balance, promoting the defendants' ability to defend this case while guarding against the significant risks to potential witnesses, destruction of evidence, and ongoing investigations that would arise if the

*United States v. Maduro Moros*, S4 11 Cr. 205 (AKH)                                    Page 2
Hon. Alvin K. Hellerstein
April 1, 2026

Co-Defendants were provided access to the discovery. (*See* Dkt. 296 at 3-4). Conversely, the defendants' proposal would allow them to show discovery to the Co-Defendants, who have not appeared in the United States to face the charges against them and who will not be witnesses in this case. Absent the protections proposed by the Government, there is an intolerable risk that the disclosure of sensitive information relating to this prosecution would be used by individuals who have a powerful motive to harm witnesses, corruptly render them unavailable, or otherwise undermine the integrity of this case. (Tr. 36).

Finally, the defense notes that the Government has not cited any cases where this provision was challenged before being entered by a Court. Indeed, the Government has not yet found a single instance of this provision having been litigated. And that is for good reason: what defense counsel is proposing here is extraordinary. It is beyond the pale to demand to share the Government's evidence, including extraordinarily sensitive information about potential witnesses, with the Co-Defendants—who are located outside of the United States, for whom U.S. arrest warrants remain outstanding, and who seek to evade apprehension by U.S. law enforcement. The Court should not permit it to happen here.

The Government has conferred with defense counsel regarding the Government's proposed modifications to paragraph 13 of the protective order. The defendants claim the Government's proposed language is insufficient because they may want to share information with an unapprehended Co-Defendant to determine whether a Rule 15 deposition is needed and therefore should be allowed to do so upon counsel's "good faith" belief that a Co-Defendant "*may be*" the subject of an application for a Rule 15 deposition. But the Government is not concerned with defense counsel's good faith; it is concerned with the good faith of the Co-Defendants, who— under the defendants' proposal—could easily make assertions in order to gain access to the discovery, without the ability of the Court to test those assertions and the viability of any Rule 15 application. Moreover, the Government's proposed protective order places no limitation on the defense's ability to interview the Co-Defendants, provided that the defense does not share Disclosure Material with them.[1]

---

[1] For the same reasons, the cases cited in the defendants' letter discussing the constitutional implications of defense counsel's access to, or failure to interview, trial witnesses are inapposite. (*See* Dkt. 299 at 3).

*United States v. Maduro Moros*, S4 11 Cr. 205 (AKH)                                                    Page 3
Hon. Alvin K. Hellerstein
April 1, 2026

       The Court should enter the proposed Protective Order submitted by the Government on March 23. In the alternative, the Government consents to the entry of the attached revised proposed Protective Order.


                          Respectfully submitted,

                          JAY CLAYTON
                          United States Attorney

           By: _____/s/_____
                          Kaylan E. Lasky
                          Henry L. Ross
                          Kevin T. Sullivan
                          Kyle A. Wirshba
                          Assistant United States Attorneys

Cc: Counsel of Record (by ECF & Email)