

April 1, 2026

**By ECF and EMAIL**
HellersteinNYSDChambers@nysd.uscourts.gov

Hon. Alvin K. Hellerstein
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re: ___United States v. Nicolás Maduro Moros, et al.___ **11-CR-205 (AKH)**

Dear Judge Hellerstein:

We write to respond to the government's letter motion dated today (ECF No. 300), regarding the parties' dispute over paragraph 13 of the government's proposed Protective Order, in which the government seeks new language in that paragraph that it had not included in its earlier filing seeking a Protective Order.  *See* ECF 296 and 296-1.

Paragraph 13, as now proposed by the government, would state:

> Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel, **unless the Court has granted a motion to depose such named defendant pursuant to Rule 15 of the Federal Rules of Criminal Procedure, and only to the extent that the defense in good faith has a need to share Disclosure Material with the named defendant in preparation for, and/or in connection with, the deposition,**

*See* ECF 300 (bolded language is new from the government's earlier proposal).  As noted in the earlier response of Mr. Maduro and Ms. Flores de Maduro, defendants who have not yet appeared before this Court may be subject to applications for Rule 15 depositions.  *See*, ECF 299 at 2 (citing *United States v. Drogoul*, 1 F.3d 1546, 1557 (11th Cir. 1993); *United States v. Johnpoll*, 739 F.2d 702, 708-09 (2d Cir. 1984) ("It is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial."); *United States v. Al Fawwaz*, No. 98-CR-1023, 2014WL627083, at *1 (S.D.N.Y. Feb. 18, 2014) ("exceptional circumstances" exist

where a witness is material and unavailable for trial, such as where he is outside the subpoena power of the court and will not appear voluntarily)).

The government's latest proposal, while a mild improvement on its original proposal, does not go nearly far enough. It would only allow the defense to be able to share Disclosure Material with prospective witnesses who are defendants in this case but have not appeared in this Court only *after* this Court has granted an application to take that witness' deposition pursuant to Rule 15. But as set forth above, in order to obtain such an order from the Court, Ms. Maduro and Ms. Flores de Maduro would need to determine what information the prospective witness has, determine that the witness is material the case, and then make an application to the Court to demonstrate the witness' unavailability for trial and the reason the witness is material to the case. Thus, the need to share Disclosure Material with the potential witness occurs before a Rule 15 application is made, not after it is granted.

Citing no authority and admitting it has none, the government contends that is "beyond the pale" for the defense to want to share "the Government's evidence" with prospective witnesses who are defendants the government has not apprehended. ECF 300 at 2. What the government misapprehends is that the evidence does not belong to one party and only one party. The very purpose of discovery is that the government cannot hold onto evidence as it chooses to claim as its own. Rather, it must provide that evidence to the defense so that the defense can perform its own independent investigation.

By preventing counsel for Mr. Maduro and Ms. Flores de Maduro to discuss the evidence with potential witnesses, the government's latest proposal, like its original proposal, would violate the 5th and 6th Amendment rights of Mr. Maduro and Ms. Flores de Maduro to a full and fair defense, including a robust investigation of the factual allegations in the indictment against them. *See Pavel v. Hollins,* 261 F.3d 210, 217-22 (2d Cir. 2001) (defense counsel was ineffective in failing to interview a witness with knowledge of the facts surrounding the government's allegations); *Maddox v. Lord,* 818 F.2d 1058, 1061-62 (2d Cir. 1987) (same); *United States v. Hyatt*, 565 F.2d 229, 232 (2d Cir. 1977) ("[W]e shall not tolerate the view that the government has some special right or privilege to control access to trial witnesses."); *Int'l Bus. Mach. Corp. v. Edelstein,* 526 F.2d 37, 44 (2d Cir.1975) ("[C]onstitutional notions of fair play and due process dictate that defense counsel be free from obstruction, whether it come from the prosecutor in the case or from a state official or another state acting under color of law") (quoting *Coppolino v. Helpern,* 266 F. Supp. 930, 935 (S.D.N.Y. 1967)).

Mr. Maduro and Ms. Flores de Maduro ask the Court to make the modification to paragraph 13 set forth in their response:

> Defense counsel shall not share Disclosure Material or the content of Disclosure Material with any named defendant who has not yet been apprehended in this action or any such defendant's counsel, other than for purposes of defending this action and where such individual has a common interest with the defendant represented

by defense counsel. Any Disclosure Material shared under this Paragraph will be done so on an APO basis, consistent with the restrictions set forth above in Paragraph 3.

ECF No. 299 at 3.

If, however, the Court is inclined to base paragraph 13 on the government's latest proposal, Mr. Maduro and Ms. Flores de Maduro request that the Court use the following:

Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel, **unless the defense in good faith believes such defendant may be the subject of an application to the Court for deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure and the defense has a need to share Disclosure Material with such defendant in preparation for, and/or in connection with, such an application to the Court or, if the Court has granted a motion, to the extent the defense in good faith has a need to share Disclosure Material with the named defendant in preparation for, and/or in connection with, the deposition**.

This version appropriately allows for the investigation by the defense of the facts alleged and the evidence produced by the government and protects the ability of the defense to preserve testimony for trial. It is also narrowly tailored to confine the defense in the use of Disclosure Material such that it does not provide defendants who have not been apprehended any right to have discovery provided to them.

We thank the Court for its consideration of this matter.

Sincerely,

*/s/ Barry J. Pollack*
Barry J. Pollack
HARRIS ST. LAURENT & WECHSLER, LLP
1775 Pennsylvania Avenue, N.W., Suite 650
Washington, D.C. 20005
(202) 617-5971
bpollack@hs-law.com

*Attorneys for Nicolás Maduro Moros*

*/s/ Mark E. Donnelly*

*United States v. Maduro Moros*, S4 11-CR-205 (AKH)
Page 4 of 4
April 1, 2026

Mark E. Donnelly
PARKER SANCHEZ & DONNELLY, PLLC
700 Louisiana, Suite 4520
Houston, Texas 77002
(713) 659-7200
Mark@PSD.law

*Attorneys for Cilia Adela Flores de Maduro*

cc:    Kaylan Lasky (by ECF and email)
       Kyle Wirshba (by ECF and email)
       Kevin Sullivan (by ECF and email)
       Henry Ross (by ECF and email)